Curia, per
Johnson, J.
The act of 1808, 1 Brev. Dig- 212, tit. Court of Equity, sec. 76, invests the commissioner in equity with the power of the Chancellor in relation to granting orders for the writ of ne exeat in all cases of practice ; and the petitioner claims to be discharged from an imprisonment to which he is subjected by a process sued out in pursuance of this authority, on a writ of habeas corpus issued by a judge of the superior courts of law. In the organization of the judicial department of the government, certain powers were assigned to the different tribunals, corresponding with the nature and extent of the jurisdiction confided to them; and in the exercise of these powers, except so far as the right of appeal is given, the most subordinate are as absolute and authorative as the tribunals in the last resort. The *235 judgment of a Justice of the Peace in a small and mean cause is as binding on the citizen as the judgment of this court; and I should deprecate even more than the repeal of the habeas corpus act, that state of things in which tribunals without the forms of law would be permitted to review and controul the judgment of each other ad libitum. The habeas corpus act certainly confers no such power. Its object was to secure the citizen from illegal and arbitrary imprisonment; and the wildest speculations have never yet carried it so far as to subvert all law and order. For even in the case of Yates vs. Lansing, 4 John. R. 317. 5 Do. 282. 6 Do. 337, than which perhaps no case was ever more warmly contested, the bone of contention was whether the Chancellor had jurisdiction over the subject matter for which he caused the plaintiff tobe attached.
In this case the law. confided to the commissioner the power of granting the writ of ne exeat. The petitioner is' therefore confined and imprisoned according to the strict forms of law; and the presiding judge had no more power to discharge him than the commissioner would have had to discharge a culprit committed for execution by a court of sessions.'

Motion refused.